# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. ALLEN, III, and DONNIE W. ALLEN, individually and in his capacity as Administrator of the ESTATE OF ROBERT W. ALLEN, JR. <br><br> Plaintiffs, <br><br> v. <br> FREDERICK A. FLETCHER, et al., <br><br> Defendants, <br><br> and <br><br> FREDERICK A. FLETCHER and COWAN SYSTEMS, LLC, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> BYNUM TRANSPORT, INC. and BRUCE SCHNELL, <br><br> Third-Party Defendants. | CIVIL ACTION NO. 3:07-0722 <br><br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Motion for Summary Judgment of Defendants Cowan Systems, LLC ("Cowan") and Frederick Fletcher ("Fletcher"). (Doc. 47.) Plaintiffs Robert Allen, III, and Donnie Allen, individually and in his capacity as administrator of the estate of Robert Allen, Jr., filed a two (2) count complaint raising wrongful death and survival actions against the moving defendants as well as Defendant Amanda Schnell ("Schnell"). (Doc. 1.) Defendants Cowan and Fletcher move for summary judgment as to both counts

of Plaintiffs' complaint. For the reasons stated below, the Court will grant in part and deny in part Defendants' motion. The Court will deny the motion as to Plaintiffs' claims based on negligence. The Court will grant the motion as to Plaintiffs' claims based on negligent hiring. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 ("diversity jurisdiction").

**BACKGROUND**

This action arises out of a motor vehicle accident that took place late at night on January 16, 2006 on Interstate 476 southbound, near Scranton, Pennsylvania. Schnell was traveling the highway when she hit a patch of ice and flipped her vehicle. The vehicle rolled several times and came to rest on its roof in the roadway. (Defs.' Statement of Material Facts ¶ 10, Doc. 50) (hereinafter "Defs.' Statement").[1] The parties dispute exactly where the car came to rest. (*Id*.; Pls.' Counterstatement of Material Facts ¶ 10, Doc. 57) (hereinafter "Pls.' Counterstatement"). They do not dispute that, at this part of the highway, the north and southbound lanes were divided by a concrete barrier and there was an embankment to the right-hand side of the road. (Defs.' Statement ¶ 4; Schnell Depo. 17, Defs.' App., Ex. B, Doc. 48.)

Schnell crawled out the window of her vehicle and ran up the embankment in order to get out of the roadway. (*Id*. at 20-21.) The parties dispute whether, at this point, there was an interior light illuminated inside her disabled vehicle. (Defs.' Statement ¶ 11; Pls.'

---

[1] The Court refers to Defendants' Statement of Material Facts, submitted pursuant to Local Rule 56.1, without also referring to Plaintiffs' Counterstatement only where facts are admitted by Plaintiffs.

Counterstatement ¶ 11.)

The Plaintiff decedent, Robert Allen, was operating a tractor-trailer southbound on the highway when he came upon Schnell's disabled vehicle. He passed the vehicle,[2] pulled over to the highway shoulder about two hundred (200) feet away, put on his four-way flashers, and exited the tractor-trailer. (Pls.' App., Ex. D1, Doc. 58.)

Fletcher was also operating a tractor-trailer southbound on the highway when he came upon the disabled vehicle. He struck the Schnell vehicle, struck the concrete barrier, and then struck the parked tractor-trailer, also striking the decedent, who was still outside his vehicle. (Pls.' App., Ex. D1.)

Fletcher was employed by Cowan and operating a Cowan tractor-trailer. The moving Defendants admit that Fletcher was operating the vehicle in the course and scope of his employment with Cowan at the time of the accident. (Defs.' Statement ¶ 8.)

On April 18, 2007, Plaintiffs, individually and on behalf of the decedent, filed survival and wrongful death actions against Schnell, Fletcher, and Cowan. (Doc. 1.) Count I raises a survival action; Count II raises a wrongful death action. Plaintiffs' claims against all defendants are based on negligence and, in addition, as against Cowan, on negligent hiring. Crossclaims, counterclaims, and third-party claims have also been filed in the suit. (Docs. 8, 10.) In the instant motion, Fletcher and Cowan move for summary judgment as to Plaintiffs' negligence claims against them both and Cowan moves for summary judgment as to Plaintiffs' claim against it for negligent hiring. (Doc. 47.) This motion has been fully

---

[2] There is some evidence that the decedent's tractor-trailer impacted the Schnell vehicle while passing. (Schnell Depo. 28-29, Defs.' App., Ex. B.)

briefed and is ripe for disposition.

## **LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

Defendants Cowan and Fletcher move for summary judgment as to both counts of Plaintiffs' complaint. First, they argue that Plaintiffs cannot establish all the elements of a negligence claim. Second, Cowan argues that Plaintiffs cannot proceed against it on theories of both vicarious liability and negligent hiring.

### I. Negligence

The Pennsylvania Supreme Court has explained the elements of a negligence cause of action as follows:

5

> To establish a cause of action in negligence, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage. Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances. The mere occurrence of an accident does not establish negligent conduct. Rather, the plaintiff has the burden of establishing, by a preponderance of the evidence, that the defendant engaged in conduct that deviated from the general standard of care expected under the circumstances, and that this deviation proximately caused actual harm.

*Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). The scope of an individual's duty of care extends to those risks that are reasonably foreseeable under the circumstances. *Roche v. Ugly Duckling Car Sales, Inc.*, 879 A.2d 785, 790 (Pa. Super. Ct. 2005). If the harm to plaintiff was not foreseeable, defendant did not breach a duty owed to plaintiff.

Defendants concede that Fletcher had a duty to operate his vehicle in a manner so as not to expose others on the road to an unreasonable risk of harm. However, they argue that he conformed to the standard of care required of a driver in his circumstances, as he was operating a properly maintained tractor-trailer and driving within the posted speed limit. The accident, they argue, could not have been foreseen or avoided by the exercise of reasonable care because it was unforeseeable that an unilluminated, disabled vehicle would block the highway at eleven thirty at night or, further, that a person would be standing outside another vehicle parked nearby.

The Court disagrees that the harm to the decedent was not reasonably foreseeable under the circumstances. It is certainly foreseeable that operating a vehicle in an unsafe manner—such as driving at an excessive speed—may result in an accident. It is also

6

reasonably foreseeable that it is more difficult to see obstructions on the road at night than by daylight. Finally, it is reasonably foreseeable that other vehicles may stop to help where other drivers see a disabled vehicle. That a harm occurs in an unexpected manner will not prevent liability. *See Ford v. Jeffries*, 379 A.2d 111, 115 (Pa. 1977) ("If one engages in negligent conduct toward another, such as unreasonably increasing the risk that that person will suffer a particular kind of harm, it cannot be said, as a matter of law, that the actor is not liable simply because the foreseeable plaintiff suffered the foreseeable harm in a manner which was not foreseeable.") The manner in which foreseeable harm occurs, moreover, is a question of causation, not of breach of a duty owed to plaintiff.

Concluding that the risk to the decedent was within the scope of Fletcher's duty of care, the Court disagrees that Plaintiffs fail to demonstrate a dispute of material fact over whether Fletcher deviated from the standard of care required of him under the circumstances. First, the parties dispute the speed at which Fletcher was driving when he hit Schnell's disabled vehicle. An accident reconstructionist for the state police testified at deposition to his belief that he was driving under the posted speed limit. (Beach Depo. 50-51, Defs.' App., Ex. D, Doc. 48.) During the same deposition, however, Plaintiffs' counsel highlighted several perceived deficiencies in his analysis going to the reliability of his conclusions. (Beach Depo., Pls.' App., Ex. B at 78-79, 83, Doc. 58.)

Next, Plaintiffs present evidence that several other vehicles passed safely by Schnell's disabled vehicle prior to Fletcher's accident. Schnell gave a statement that she witnessed two passenger vehicles and a tractor-trailer pass her vehicle before Fletcher hit the

overturned car. (Pls.' App., Ex. A at 4-5.)[3]  The parties also dispute the disabled vehicle's placement on the road.  Defendants point to a statement placing it close to the middle of the northbound lanes, (Schnell Depo. 21, Defs.' App., Ex. B), while Plaintiffs point to a statement placing it primarily in the right-hand lane with only a portion in the left-hand lane, (Beach Depo.38-39, Pls.' App., Ex. B).  It is apparent that the evidence on record raises a genuine dispute as to whether a driver exercising ordinary care under the circumstances could have avoided hitting Schnell's vehicle.

Finally, the parties dispute whether an interior light was illuminated in Schnell's vehicle at the time of the impact.  Schnell initially gave a statement that the "dome light" was on when she exited the overturned car, (Pls.' App., Ex. A at 4), then later gave conflicting testimony in her deposition, (Schnell Depo. 22, Defs.' App., Ex. B).  Plaintiffs argue that the illumination of the interior light would make the car easier to see.

Plaintiffs have presented evidence raising a material dispute of fact over whether Fletcher exercised the ordinary care of a reasonably prudent person under the circumstances.  Summary judgment is therefore inappropriate and the Court must deny Defendants' motion as to Plaintiffs' negligence claims.

## II.     Negligent Hiring

Plaintiffs include allegations in Counts I and II of the complaint which appear to pursue a theory of negligent hiring against Defendant employer, Cowan.  Specifically, paragraphs 25(m) and 33(m) of the complaint allege that Cowan was negligent "in hiring

---

[3] Schnell later expressed doubt as to whether another tractor-trailer passed her vehicle.  (Schnell Depo. 28, Defs.' App. Ex. B.)

8

inept, incompetent and unskilled employees." Defendant seeks summary judgment on Plaintiffs' claim for negligent hiring.[4]

"As a general rule, courts have dismissed claims for negligent supervision and negligent hiring when a supervisor defendant concedes an agency relationship with the co-defendant ... The courts have recognized an exception to this rule when a plaintiff has made punitive damages claims against the supervisor defendant." *Fortunato v. May*, No. 04-cv-1140, 2009 U.S. Dist. LEXIS 20587, at *14-*15 (W.D. Pa. Mar. 16, 2009); *see also Vargo v. Coslet*, No. 02-cv-0676 (M.D. Pa. Dec. 20, 2002) (Kosik, J.); *Holben v. Midwest Emery Freight Sys., Inc.*, 525 F. Supp. 1224 (W.D. Pa. 1981). Court have dismissed such claims, absent a punitive damages claim,[5] because:

> Nothing can be gained from it when the defendant employer has admitted the agency of the driver, and to permit the action to proceed on both counts would allow the introduction of evidence of prior accidents of the driver, highly prejudicial, irrelevant and inadmissable in the cause of action based on the imputed negligence of the driver.

---

[4] Defendant interprets the language of paragraphs 25(m) and 33(m) of the complaint to raise claims for negligent entrustment and supervision. The Court interprets the allegations to raise a claim for negligent hiring. However, Defendant's arguments encompass theories of negligent hiring, supervision, and entrustment. Moreover, the Court's analysis applies equally to each theory. The Court will, therefore, interpret Defendant's motion as having raised a motion for summary judgment as to Plaintiffs' negligent hiring theory.

[5] Inclusion of a punitive damages claim warrants an exception to the general rule because, as the *Holben* court reasoned, "where in a negligent entrustment [or hiring] case the plaintiff alleges that defendant's action was indifferent to the consequences and claims punitive damages, this becomes an important additional element to his case." 525 F. Supp. at 1225.

*Holben*, 525 F. Supp. at 1224-25. In dismissing negligent hiring, retention, and training claims where *respondeat superior* liability was established against an employer, the Supreme Court of New York, Appellate Division, explained why nothing is gained by allowing both the direct and indirect grounds for employer liability to proceed: "[I]f the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training." *Karoon v. New York City Transit Auth.*, 659 N.Y.S.2d 27, 29 (N.Y. App. Div. 1997).

Here, Cowan concedes that Fletcher was acting within the course and scope of his employment such that, if found negligent, it is vicariously liable to Plaintiffs for his negligence pursuant to the doctrine of *respondeat superior*. (Defs.' Statement ¶ 8.) Additionally, Plaintiffs do not bring a claim for punitive damages. Therefore, the Court will apply the principles discussed above and dismiss Plaintiffs' negligent hiring claim.

Plaintiffs cite *Christiansen v. Silfies*, 667 A.2d 396 (Pa. Super. Ct. 1995), for the proposition that, where, as here, defendant argues that plaintiff is comparatively negligent and plaintiff raises claims for both a driver's negligence and an employer's negligent entrustment or hiring, both claims must go to a jury in order to properly apportion fault. In *Christiansen*, plaintiff brought wrongful death and survival actions against a truck driver, the truck owner, and an individual who leased the truck and employed the defendant driver. *Id.* at 469. Unlike the case at bar, however, plaintiff did not raise allegations of vicarious liability; she brought a claim against the driver for negligent operation of the vehicle and against the owner and employer for negligent entrustment. *Id*. This distinction makes *Christiansen*

10

harmonious with the above-cited cases. As the *Christiansen* court notes, "liability for negligent entrustment does not attach to the entrustor until the entrustee uses the entrusted instrumentality negligently, and is found causally responsible for ensuing harm." *Id*. at 473. If vicarious liability had been alleged and established against defendants, the court would have confronted the circumstances present in cases such as *Fortunato*, No. 04-cv-1140, 2009 U.S. Dist. LEXIS 20587, *Vargo*, No. 02-cv-0676, and here, in which a negligent entrustment or hiring claim adds no new avenue for liability.

For these reasons, the Court will grant Defendants' motion for summary judgment as to paragraphs 25(m) and 33(m) of the complaint and dismiss Plaintiffs' negligent hiring claim.

## CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Defendants' motion for summary judgment. The motion will be denied as to Plaintiffs' negligence claims and granted as to Plaintiffs' claim against Cowan for negligent hiring.

An appropriate Order follows.

| | |
|---|---|
| June 2, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. ALLEN, III, and DONNIE W. ALLEN, individually and in his capacity as Administrator of the ESTATE OF ROBERT W. ALLEN, JR., <br><br> Plaintiffs, <br><br> v. <br><br> FREDERICK A. FLETCHER, et al., <br><br> Defendants, <br><br> and <br><br> FREDERICK A. FLETCHER and COWAN SYSTEMS, LLC, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> BYNUM TRANSPORT, INC. and BRUCE SCHNELL, <br><br> Third-Party Defendants. | CIVIL ACTION NO. 3:07-0722 <br><br><br> (JUDGE CAPUTO) |

## ORDER

**NOW**, this  2nd   day of June, 2009, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment of Defendants Cowan Systems, LLC and Frederick Fletcher  (Doc. 47) is **GRANTED in part** and **DENIED in part** as follows:

    (1)    Defendants' motion is **DENIED** as to Plaintiffs' negligence claims.

    (2)    Defendants' motion is **GRANTED** as to Plaintiffs' claims for negligent hiring.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge