# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT W. ALLEN, et al.,

    Plaintiffs,

    v.

FREDERICK FLETCHER, et al.,

    Defendants.

NO. 3:07-cv-722

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court are two motions in limine filed by Defendants Cowan Systems, LLC, and Frederick Fletcher. The first motion requests the preclusion of any reference to the citations issued to Fletcher as a result of this incident. (Doc. 81.) The second motion requests the preclusion of any reference to the information provided by the BLS crew in the EMS report. (Doc. 114.) I will deny both motions for the reasons discussed below.

## **BACKGROUND**

This action arises out of a motor vehicle accident that took place late at night on January 16, 2006 on Interstate 476 southbound, near Scranton, Pennsylvania. Amanda Schnell was traveling the highway when she hit a patch of ice and flipped her vehicle. The vehicle rolled several times and came to rest on its roof in the roadway. (Defs.' Statement of Material Facts ¶ 10, Doc. 50) (hereinafter "Defs.' Statement"). The parties dispute exactly where the car came to rest. (*Id*.; Pls.' Counterstatement of Material Facts ¶ 10, Doc. 57) (hereinafter "Pls.' Counterstatement"). They do not dispute that, at this

part of the highway, the north and southbound lanes were divided by a concrete barrier and there was an embankment to the right-hand side of the road. (Defs.' Statement ¶ 4; Schnell Depo. 17, Defs.' App., Ex. B, Doc. 48.)

The Plaintiff decedent, Robert Allen, was operating a tractor-trailer southbound on the highway when he came upon Schnell's disabled vehicle. He passed the vehicle,[1] pulled over to the highway shoulder about two hundred (200) feet away, put on his four-way flashers, and exited the tractor-trailer. (Pls.' App., Ex. D1, Doc. 58.) Fletcher was also operating a tractor-trailer southbound on the highway when he came upon the disabled vehicle. He struck the Schnell vehicle, struck the concrete barrier, and then struck the parked tractor-trailer, also striking the decedent, who was still outside his vehicle. (Pls.' App., Ex. D1.) After the accident, an Emergency Medical Services report ("EMS report") was signed by paramedic Danielle Tomlin. The EMS report included a statement made to the EMS crew by the earlier BLS crew stating that Allen had a pulse on their arrival.

Fletcher was employed by Cowan and operating a Cowan tractor-trailer. The moving Defendants admit that Fletcher was operating the vehicle in the course and scope of his employment with Cowan at the time of the accident. (Defs.' Statement ¶ 8.) Subsequent to the night in question, Fletcher pled guilty to traffic citations for careless driving (75 Pa. Cons. Stat. § 3361), driving on roadways laned for traffic (*Id.* § 3309(1)), and unlawful activities (*Id.* § 6142).

On April 18, 2007, Plaintiffs, individually and on behalf of the decedent, filed

---

[1] There is some evidence that the decedent's tractor-trailer impacted the Schnell vehicle while passing. (Schnell Depo. 28-29, Defs.' App., Ex. B.)

survival and wrongful death actions against Schnell, Fletcher, and Cowan. (Doc. 1.) Count I raises a survival action; Count II raises a wrongful death action. Plaintiffs' claims against all defendants are based on negligence. Crossclaims, counterclaims, and third-party claims have also been filed in the suit. (Docs. 8, 10.) In the instant motions, Fletcher and Cowan move to preclude evidence of Fletcher's guilty pleas to traffic citations (Doc. 81), and to preclude evidence of the statements by the BLS crew which were recorded in the EMS report.

## DISCUSSION

Each of the motions in limine will be discussed separately.

### I. Admissibility of Traffic Citations

There is no question that under Pennsylvania law, traffic citations are not admissible in civil cases. 42 Pa. Cons. Stat. § 6142. The present case, however, is governed by *federal* procedure, not Pennsylvania procedure. *Rain v. Pavkov*, 357 F.2d 506, 510 (3d Cir. 1966) ("While the statutory rule of Pennsylvania, upon which the court below relied, is clearly to the contrary, it is not controlling in an action in the federal courts."). Under the Federal Rules of Evidence there are two questions: 1) is evidence of the guilty pleas to traffic citations inadmissible hearsay, and 2) does it violate the balancing test of Rule 403.

At first blush, Rule 803(22) appears to control when a guilty plea is considered hearsay. That rule explicitly provides a hearsay exception for felony convictions. Fed. R. Evid. 803(22). This rule, however, does not expressly prohibit other hearsay exceptions

3

from being used. "[M]isdemeanor guilty pleas that were made by a party to the current litigation may be allowed into evidence as party admissions." 5-803 Weinstein's Federal Evidence § 803.24; Fed. R. Evid. 801(d)(2); *see e.g. Hinshaw v. Keith*, 645 F. Supp. 180, 184 (D. Me. 1986); *Hancock v. Dodson*, 958 F.3d 1367, 1371 (6th Cir. 1992).

The Third Circuit Court of Appeals has allowed evidence of traffic citations to fall under other hearsay exceptions, such as the exception for statements against interest. *Rain v. Pavkov*, 357 F.2d 506, 510 (3d Cir. 1966). Other judges in this district have found that evidence of guilty pleas to traffic citations are admissible. *Grosek v. Panther Transp., Inc.*, No. 3:07-cv-1592, 2009 U.S. Dist. LEXIS 13300, *11-*14 (M.D. Pa. Feb. 20, 2009) (discussing this issue at length). But not all judges have admitted evidence of such citations. (Doc. 79, Ex. 2) (copy of Judge Conaboy's order without explanation in case No. 03:06-cv-2090 granting motion in limine to exclude citations). I agree with the reasoning in *Grosek*, and find that the guilty plea by Fletcher is an admission of a party opponent and therefore not hearsay. *See* Fed. R. Evid. 801(d)(2).

The only remaining question is whether the use of the citations would violate Rule 403's prohibition on evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403. In the present case, the probative value of the guilty plea to specific conduct is very high; the appropriateness of Fletcher's conduct is a critical issue in the case. While there is some chance for unfair prejudice, it does not rise to the level of "substantially outweighing" the probative value. Furthermore, much of the risk of unfair prejudice can be eliminated by allowing the Defendants to explain why the guilty plea was entered. I find that under the Federal Rules of Evidence

the guilty pleas of Fletcher are admissible, but that Fletcher may offer an explanation at trial.

## II.     Admissibility of the BLS Statements

For the statements of the BLS crew, which are contained in the EMS report, to be admissible they must fall under the hearsay exception for business records.[2]  For Rule 803(6) to be satisfied, the purported business record must be based on "information transmitted by a person with knowledge." 1-16 Weinstein's Evidence Manual § 16.07[2][e].  The knowledge requirement means that the informant whose data is embodied in the business record must have personally perceived the matter that is the subject of the record.  *Id.*  However, the recorder need not have firsthand knowledge. *Id.*

> Rule 803(6) also requires that the record be "made ... by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted activity... ." This requirement, which has its counterpart in prior law, has been interpreted to mean that each participant in the chain producing the event--from the initial observer-reporter to the final entrant--must be acting in the course of a regularly conducted business activity, or must meet the test of some other hearsay exception. The guarantees of reliability underlying the business records exception are absent if any one of the participants is outside the pattern of regularity of activity.

---

[2] Plaintiff's counsel also suggests that the exception for statements for purposes of medical diagnosis or treatment would apply, but this exception applies only to statements made by the patient.  1-16 Weinstein's Evidence Manual § 16.05 ("The rule applies only to statements made by the patient. It does not apply, for example, to statements made by consulting physicians to the treating physician concerning the proper course of treatment for a patient with a party's ailment.")

5

1-16 Weinstein's Evidence Manual § 16.07[2][e].

In the present case, to meet the business records exception, the relevant data must have been transmitted from the party with personal knowledge all the way to the ultimate recorder within the ordinary course of business. Here, the BLS crew presumably had personal knowledge about the factual existence of a pulse on their arrival.[3] This information was transmitted to the senior emergency responders, the EMS crew, upon their arrival. I find that this reporting was within the ordinary course of business for emergency medical personnel. This information was then recorded immediately by the EMS crew, and the generation of the EMS report is also likely in the ordinary course of business. This qualifies the EMS statement, including the BLS observations under the business record exception.

Since the EMS document qualifies as a business record, the only other question is whether the BLS statement regarding a pulse should be excluded because there is a lack of trustworthiness. "[T]he trial judge is authorized to exclude particular parts of a medical record if indications of trustworthiness are shown to be lacking, either by the record itself, or by other evidence indicating that the opinion lacks factual basis or expert qualification." 5-803 Weinstein's Federal Evidence § 803.08. While the statements of the BLS crew are

---

[3] Defendants correctly cite *Kennedy v. Norfolk Southern Railway Co.*, that statements with unknown sources in a medical record are not automatically admissible as part of the business record. *Kennedy*, No. 05-1764 (W.D. Pa. April 8, 2008). In the present case, however, the statements are specifically attributed to the BLS crew, even if the exact persons are unknown. This distinguishes this case from *Kennedy* because the source is known, therefore it is possible to examine whether it was in the "ordinary course of business" for someone in the role of the BLS crew to make the challenged statement.

6

hearsay without the exception, there is nothing else to suggest that the report was unreliable. The BLS crew, while unidentified, is not a party to this litigation and would have no interest in stating the existence of a pulse. Furthermore, providing accurate information to the EMS crew during the attempt to save Allen's life would be expected, thereby underscoring its reliability. Finally, the statement is about a factual observation, the existence of a pulse, not some other form of opinion lacking adequate support. There is nothing to suggest that the medical record lacks trustworthiness, therefore I will deny the Defendant's motion in limine with respect to the BLS statements.

## CONCLUSION

As the guilty plea of Fletcher to the traffic citations represents the admission of a party opponent, and the statements contained in the EMS report satisfy the requirements for the business record exception, both of Defendant Cowan's motions currently under consideration will be denied.

An appropriate order will follow.


  September 24, 2009                                /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                    United States District Judge

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. ALLEN, et al., | |
| Plaintiffs, | |
| | NO. 3:07-cv-722 |
| v. | |
| FREDERICK FLETCHER, et al., | |
| | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this  24th  day of September, 2009, **IT IS HEREBY ORDERED** that Defendant Cowan's Motion in Limine to preclude evidence of Fletcher's traffic citations (Doc. 81), and Motion in Limine to preclude evidence of the BLS crew's statements in the EMS report (Doc. 114) are **DENIED**.

        /s/ A. Richard Caputo  
        A. Richard Caputo  
        United States District Judge